Thank you, your honor. Good morning and may it please the court. I'm Emily Harrell and I'm here on behalf of appellant Elliott Graham. Under the certificate of appealability that was granted in this case, the question for this court's consideration is whether the district court erred in determining that Mr. Graham's 924c conviction was based on both kidnapping and a crawly decision indicates that his 924c conviction was based on kidnapping only, and therefore the district court erred in determining that his conviction was based on both kidnapping and carjacking. If you look at the record documents in this case, Mr. Graham pleaded guilty. The indictment itself does not specify what the underlying 924c crime of violence was. The only three counts in the indictment that have the same date are counts 9, 10, and 11, count 9 being the carjacking offense. You say it hasn't been charged, but our law is pretty clear that something could be a lawful predicate crime of violence without being charged. Well, that's absolutely true, your honor, but the government has not taken the position in its briefing that some other crime of violence was perhaps underlying the 924c conviction. They have indicated that it was either the carjacking or the kidnapping, and I think that failure to brief something else certainly limits them here before this court. What was the carjacking count? Was that dismissed? Yes, sir. As part of the plea agreement, count 9 was dismissed, which was the carjacking count, and also count 12, which was a felon in possession count. So as part of the party's agreement, count 9, and even though the plea agreement itself does not specify that the 924c count is based on the kidnapping, the dismissal of the carjacking was part of the party's agreement. So the indictment does not directly specify, the plea agreement does not directly specify. It's only when you get to the plea colloquy that it's quite clear that the party's agreement was. Plea colloquy is the Sheppard approved document? Yes, sir. Absolutely. So what's wrong with the district court relying on the plea colloquy? There's nothing wrong with the district court relying on the plea colloquy, but the plea colloquy establishes that the party's agreement was and that he admitted only to the kidnapping being the underlying offense, and I say that for two reasons. Well, for several reasons, but primarily because when the assistant U.S. attorney was summarizing the plea agreement, he indicated that the 924c count that was based upon the kidnapping, and that's on page of the joint appendix, page 38, where he says, um, he says, Mr. Graham is going to plead guilty to counts 10 and 11, and count 10 and 11 of this indictment, which charges kidnapping, as well as 924c violation in connection with the kidnapping. So as an officer of the court, he stands up and says that this is the party's agreement. The court then asks Mr. Graham, is this your understanding of the agreement on joint appendix, page 40, and Mr. Graham says, yes, it is. The facts on the, unlike some other cases, the facts of the carjacking and the kidnapping are all intimately intertwined. Well, they are intimately intertwined. They're all committed on the same time, same place, probably the same manner. The only difference was that one involved the car, and I don't think that there's any dispute, is there, that the car was driven off the property in an or whatever of the tire. I mean, there's a huge degree of overlap. There is a degree of overlap, Your Honor, and this is where the government runs into its major problem. When presenting the facts to form the basis of the plea, the government outlines the facts, and then it says, uh, government counsel says, is this the, the car moved in interstate commerce, but that doesn't matter here? Yes, sir. This is on joint appendix page 52, and according to the defendants, he had the gun, and they, again, they drove the car over state lines, which satisfies both the kidnapping and carjacking, and government counsel says, and the car was made outside of South Dakota, but this is a kidnapping, so it doesn't matter, and the government has presented no... Well, in fairness to the district court, at that time, based on the law at that time, there was no reason for it to make a finding as to carjacking, since kidnapping was sufficient. Well, that's true, but it's also Mr. Graham's position, and certainly based on this record, that the party's agreement was that the 924c count was based on the kidnapping only. Well, maybe so, but that, that comes back in to the basic point that these predicate crimes don't need to be charged, and they don't need to be convicted. All they have to do is that the can be proven beyond a reasonable doubt, and it's entitled to take a fresh look at that without regard to the procedural history, and it just, it is, it is spaced flat out with the question of whether the elements of a carjacking, and everyone agrees that the carjacking is the COV, and, and, and it is straightforwardly, the question is, can the elements, could the government, can the district court satisfy itself that the elements of what is indisputably a COV can, um, can be proven by a reasonable doubt? And I think that would be perfectly reasonable, your honor, at the original guilty plea. If, if the government had abandoned its international, this interstate commerce element of the carjacking, and then the district court and the parties had said... I think it's back to Judge Agee's point, because there was no reason to make a fuss over or get involved in a big dispute over those if the, if the kidnapping alone would suffice. But then when the kidnapping was found not to suffice, it put the carjacking back on the table. Your honor, with all due respect, I don't think at this point, 17 years later, that the district court can go back and look at the record, this record, where the government specifically abandoned the, the elements of carjacking, and say, well, oh, by the way, he also committed carjacking. What if there had been a law passed in the meantime, which Mr. Graham's actions also satisfied? Would, would the district court then be able to say, well, you know what, I've, I've decided that that qualifies too. So, you know, 2255 dismissed. I don't think that's the way our system works. I think at your guilty plea, you have to have notice of the elements of the crimes you are admitting that you committed. And it's true that the government is not required to charge him with account. It could have stood up and said, kidnapping, and oh, by the way, it also satisfies carjacking. At that point, whatever Mr. Graham would have said would certainly now come back to, to haunt him. Just assuming that we agreed with your argument, what would happen? For Mr. Graham? Yes. I think he would be entitled to relief, which would mean vacation of the 924c count and resentencing on the kidnapping only. And for Mr. Graham, it would essentially mean a time served sentence, because he's very close to serving the 261s. And it would, it would, it would change his guidelines, certainly, to begin with, because he would not be a career offender, because kidnapping would not be a crime of violence. So the base level or the total offense level from which the district court would then calculate his sentence, including a substantial 5k1 that he earned at his original sentence, would be included, which would almost certainly give him a time served sentence. So what's your best case back in New York? Well, I would certainly say that his, you know, if you take this position, that this court can go forward, or the district court can go forward and find that the carjacking applied, without him having been informed, that he would be charged with a crime of violence. Of all of the elements of the true elements of what he was admitting, I think his plea would not be knowing and voluntary. What I meant was, what case, decided case, best supports your position? As far as the examination of the record, in this particular instance, I do believe the that we would look to as to what this court would undertake in its analysis of the district court record. Thank you, Your Honors. I'll reserve the balance. Good morning, Your Honors. My name is Bill Watkins. I represent the United States in this matter. Your Honors, this case presents a fairly simple question to determine, and that is whether the district court clearly erred in finding that Mr. Graham's 924C plea was based in part on carjacking. For you to reject the district court's order, you would have to have a definite and firm conviction that an error was made in finding the facts here, and that the decision was unquestionably erroneous. And while Ms. Harrell makes some very good points in her brief, the government does not believe that we can get to that level in rejecting what the district court did. After all, the district court was intimately familiar with this case, having tried codependence, taken the plea. Mr. Watkins, can I ask you, you just raised something I was going to ask you about. One way that, well, I guess sort of like abuse of discretion, a district court commits clear error if it makes an error of law, right? Yes, sir. So why is it not an error of law on page JA-75 where the district court said it is also instructive to consider the convictions of the plaintiff's codependence? I don't know how you could possibly consider that in making the crawling inquiry. Your Honor, the way I read that is the district court was just looking at what happened with other co-defendants. In other ways, describe what that is. Is the district court looked at evidence outside the record in this defendant's case to decide the facts of this defendant's case? No, sir. I think what the district court was doing, Your Honor, was simply showing in its order that it had treated everyone with equity in this case and had fed everyone, as we say, from the same spoon. I do not think it was... Let me ask you this. If this was properly interpreted as the district court saying, in finding the facts of Mr. Graham's case, I am considering facts from outside the record of his case and are in the record in his co-defendant's case, do you agree that would be legal error? Yes, sir. But, Your Honor, this whole looking at the PSR and other things, well, first of all, we have talk about record documents. I've never found a case that describes what record documents are. Crawley doesn't state that. It lists three, but it doesn't report to say those are an exclusive list. Correct, Your Honor. I think, for example, had the PSR indicated without equivocation that carjacking and kidnapping were the predicates to which he pled, I think that would be relevant to consider, especially if there was no objection to the PSR. But I think that's beside the point, Your Honor. It's just we don't know exactly what record documents are, but we do know from the district court's order that it considered the facts of the case based on the plea colloquy. Yes, it cites the PSR. You haven't argued that the original PSR in this case sets out a carjacking predicate? No, sir. I will say the original PSR, it contains the carjacking facts, but as to your earlier, Judge, no one at this time ever imagined we would live in this day of legal scholasticism where kidnapping is not a crime of violence. I understand there is some intuitive force to that argument, but this gets me back to what's good for the goose is good for the gander. This happens to criminal defendants all the time. Criminal defendants say, I couldn't possibly have known that because the law changed, and now it's more favorable to me than it was. We say defendants have forfeited and are stuck with the consequences of legal change all the time. Why does the government get a different rule that says when the law changes in a defendant's favor, the government can go back? I would not ask that you do that, Your Honor. Then I think for purposes of this case, we have to assume this case as if at the plea colloquy, it was clear that kidnapping was not a crime of violence because otherwise we're giving the government the benefit of an intervening legal change. We would never give a criminal defendant benefit. Your Honor, as to use my term earlier, you should feed everyone the same. Okay. Then I think we have to assume that at the time of the plea colloquy, it was legally clear that kidnapping was not a crime of violence, and we have to ignore the fact of law change because this defendant preserved this claim. This is not a forfeited argument, right? Normally, the government wins these cases because you went under plain error, but here this is not forfeited. This is preserved, isn't it? Yes, Your Honor. We've not raised any forfeiture here. This court allowed him to proceed with his 2255, but Your Honor, my point is this. The district court found based on examination of the record, record documents, the facts, the factual basis, the indictment, all that together, and mainly I think the district judge rested his opinion on the plea colloquy. So where in the plea colloquy is Mr. Graham admitting to having the intent to cause death or serious bodily injury, which is an element of carjacking, but it's not an element of kidnapping? Where does he ever admit that? Your Honor, the facts that were given when you have a gun, you pointed at someone, you pistol-whipped, you threatened to take them in the woods, pour gasoline, and burn them. Your Honor, that's a... That's a statement about what he threatened to do. I mean, I think the language of the carjacking statute is really weird, because it doesn't say... So like think of robbery, where I basically use or threaten to use physical force. If the element of carjacking was that he used or threatened to use physical force, like it would be under robbery, I think you'd have a much stronger argument. But that's not what this element is. The element is about his intent, his intent to do something. And where in the plea colloquy does he admit to having that intent? The element is with intent to cause death or injury. He calls... Right, not threaten to do so, intend to do so. Where does he admit that he intended to do that? I believe in the plea colloquy, he pistol-whipped a man, he injured a man. These actions, clearly, he had the intent to cause injury. He caused injury. Let's take another. Where in the plea colloquy does he admit that this car moved in interstate commerce? Your Honor, two things. One, Mr. Graham would argue that the government abandoned the commerce issue. I would not agree with that. I think the AUSA, again, we don't have an affidavit or anything from him. But when we're looking at findings of fact, and the district court looked at this same statement and did not find that it caused some sort of voidness of the element. But the AUSA did say that, and the car was manufactured outside of South Carolina. Did he follow up? But yeah, this doesn't really matter because it's kidnapping. I think the inference there, Your Honor, and there are multiple ones, but a strong inference is that in this case, he was thinking of the substantive offense because they'd put the elements of kidnapping on, and that really didn't apply to kidnapping. No, but I guess what I would just say is, so ultimately, at the end of the day, the counsel's statement is an evidence. What's evidence is what the defendant admitted. And when counsel says, it traveled interstate commerce, but forget it, that doesn't matter because it's not kidnapping. And then when the judge looks at the defendant and say, was that an accurate summary? And the defendant says, yes. I don't think there's any way to read the defendant's statement other than I'm admitting to things the prosecutor said mattered. I'm not admitting to the things that he didn't say mattered. Yeah, I don't know if I would agree with that statement insofar as when the judge asked, do you agree with the prosecution's observation of the facts that I don't see? Well, yes, everything that he said matters, but I don't see that sort of reservation. Besides, it's clear from the record, John, that this car did travel in interstate commerce from South Carolina to North Carolina. How do I know that? I know it because an AUSA just asserted it and then immediately said that doesn't matter. No, you're right. He said it doesn't matter the manufacturer. I'm talking about during the crime, it traveled. How do I know that? The AUSA put that on the record. The counsel just asserted it. That's how we know that? That's how we do guilty pleas, your honor, is I give a statement of the facts. I assert what facts are and I don't put up evidence and the defendant either, the judge says, Mr. Fennett, do you agree with the prosecutor's statement of the facts? And he either says, yes, sir, or no, I don't. I disagree, blah, blah, blah. So is it clear that the perpetrator here pistol whipped the victim? Yes, sir. Is that in dispute? No, sir. How does one pistol whip a victim and point a gun at a victim by accident? Without intending to cause injury. I mean, you know, the basic criminal law that it's sometimes at some point the actus reus is impossible to commit without a commensurate mens rea. I agree with you, your honor. Many times when I don't pistol whip people by accident, you don't point guns at them by accident. That's right in the heart of the force clause. I agree, your honor. I think the only inference from the record is he had to have that requisite intent. And guilty pleas where I do a lot of fraud cases and it has to be with the intent to defraud. Rarely do I ever. Yeah, I mean, intent comes, it comes into play with that exactly over and over with that kind of crime. Did somebody intend to commit a fraudulent act or something? But I haven't. It's a different bird to say, I pistol whipped the victim, but I didn't intend to. Or I pointed a gun at the victim's head, but I didn't intend to. And those, you know, you're not undermining mens rea. You are essentially underscoring it when you say this has possibly be committed accidentally. Correct, your honor. There's you don't accidentally pistol whip someone as you're demanding. Where's that key so I can get those rims off your car and you hit them or you force them into a car with a weapon? And again, just the analogy I was going to use, just like in a fraud case, I might say that this bank teller took funds out of the till which she was not entitled to and used it for her personal use. And I might never say with the intent to defraud because, as you said, that actus reus is clear in such a case. Same here, your honor. So those strike me as great arguments. Either a we had a trial where a jury was actually presented with evidence or probably if this was a forfeited claim and we were dealing with like a forfeited rehafe error. Right. But so like, right. So if all of this evidence is presented at trial and this argument had been preserved, I think under Nader, we would say no reasonable jury could possibly have found that by doing this, you didn't have the requisite. I understand how that works. And if it's a forfeited rehafe claim, I understand how it works to say the defendant has made no serious argument how any reasonable person would have ever found that they didn't have this intent. Right. But this is a preserved guilty plea claim. Right. In that context, aren't we really stuck with what the defendant admitted? Are we even? I guess what is a long lead into the question of I'm not even really sure how harmless error works in the context of a preserved guilty plea claim. What is your best case for that? Because the cases you're citing are about trials where things aren't submitted, where juries aren't asked to answer the question, but we say, sure, but given the evidence they were given, there is no jury that possibly wouldn't have, like Nader basically. Right. But what is your best case about a preserved error during a guilty plea? Your Honor, I'll be honest with you. My colleague cites Crawley. I think Crawley supports the government in this case. The district court followed the Crawley format, essentially. The only difference is that in the indictment in Crawley, in the 924C count, it lists the Hobbs Act charge as well as the drug offense. I guess what I'm saying, I have a, it's a broader question. I think is that you often see in these cases, people blur the distinction between jury trials and guilty pleas. And it strikes me that it's very different in a jury trial violation situation. The question is you have a right, like the reason a defendant who's sitting in jail after a jury verdict is because a jury of his or her peers found that they did something. Right. And that's the justification for doing that. And sometimes we screw up and sometimes we don't suppose to ask questions juries were supposed to. And when we do that, we say, well, but what if we had asked the jury the question based on the evidence before, is it pretty obvious what the jury would have said? Right. Guilty pleas are different. If a person's sitting in jail after a guilty plea, it's because you admitted something, not because the court found you did something, not because a jury found you did something, but because you admit it. The reason you're sitting in jail is because you said you did it. And I'm just, it's hard for me to figure out how we can make inferences based on things he didn't admit to in the guilty plea context. Why isn't the answer, again, if it's forfeited, Rahave tells us, not, you know this case, but in the guilty plea context where it's not forfeited, why isn't the government stuck with what he admitted and that's it? Your Honor, I think that's the basis of our argument is he admitted the kidnapping elements. He admitted the carjacking elements. You're saying he admitted things that, if true, necessarily means something else. That's different from saying he admitted that's something else. Your Honor, the district court, we believe, properly found that when he pled guilty on this day that he admitted to the predicates of kidnapping and carjacking. Isn't the point of what someone admitted or what someone didn't admit, isn't that to a degree a finding of fact? Your Honor, it's all fact finding. That's the point, whether he admitted or whether he didn't admit. It's a finding of fact. It's a finding of fact. And there are constraints upon that finding of fact. You can only look at Sheppard approved documents, I think. But the district court essentially based its argument on the plea colloquy, Sheppard says fine. I guess an indictment, Sheppard says fine. An unobjected two PSR, Sheppard says fine. I mean, the district court made a finding of fact, consulting the documents that the Supreme Court says is perfectly right to consult. And based on those documents alone, which form the basis of the district court's conclusion, are his views as to admission and the rest of it, are they clearly erroneous? That's what we're dealing with here. Yes, sir. That is, this is not a de novo review on the fact finding. A de novo review on the application of law, which is fairly easy in this case, is whether kidnapping remains a crime of violence. It does not. And does carjacking remain? And it is. And there's a practical point here at the end. I don't think that any of us really believe that this individual did not engage in carjacking based on the whole record of this case. And the whole point of the 924C conviction and also career offender convictions also there is in one context after another, Congress has sought to penalize crimes of violence. And there is absolutely no dispute that this person committed a perfectly horrendous crime of violence, a horrible crime of violence. And, you know, at the end of the day, when you step back, you can spin the legal web so fine that you begin to do things such as allowing people who are indisputably culpable of horrendous acts in which Congress and the Sentencing Commission and others have passed and made clear their intention to protect the public from this sort of misconduct. And we can engage in the finest web spinning. But there's a point at the bottom of it all. That is faithful to congressional intent and to the Sentencing Commission's intent to the Supreme Court's intent in preserving the force clause. And even though the residual clause was tossed out, the force clause was retained. And this is force. This is force clause stuff. Putting a pistol to somebody's head, pistol whipping. There's no vagueness problem there. It's force clause. No, absolutely, Your Honor. This is clearly within the force clause. And you're right, Your Honor. There is no dispute. Essentially, we have one, to borrow a civil procedure phrase, common nucleus of operative facts on this event. The kidnapping, the carjacking, inextricably intertwined. It's one event. And that's the very problem with your argument to me, which is the everybody knows he did it. I don't think that's how we do guilty plea review. And I guess you're asking me to just pretend. I looked at this again. The district court spent a paragraph and a half talking about his co-defendants. You have conceded it would be legal error to rely on that. And you're asking me to just pretend this doesn't exist, where the district court relies for a paragraph and a half on facts that involve co-defendants. Your Honor, he discusses the co-defendants. But again, my position, I think it's clear. He is just showing that he has treated everyone equally and fairly. That's not a district court's job in deciding whether a sentence was legal or illegal. That's a question. Now, admittedly, if the question was about how much discretion I'm going to exercise under the guidelines, district courts don't have discretion to decide whether the occupants. Your Honor, I think the only illegal thing I see about this sentence is that the district court, rather than sentence him to consecutive time on the 924C, ran everything together. I see my time has expired. Is there any other questions? Yes, sir. District courts say all kinds of things in sentencing. And, you know, they get up there and they wander a little bit and everything. But we give them a little bit. We cut them some slack on that. The point is, what motivated, what underlay the decision? Yes, sir. And it was the plea colloquy. And I think the statements that Your Honor's colleague finds some trouble with, again, is really for the public and the parties to know he is trying to be fair. This isn't at an oral hearing. This is a district court issues a written order that has a paragraph and a half that you think was legally incorrect. I don't think it was legally incorrect. I think it was, first of all, it's a published opinion. So it was available to the public showing that he is carefully considering this and trying to be consistent. And the basis of his decision, Your Honor, is that colloquy. And I think under the clear error standard, we cannot find that it was unquestionably erroneous to conclude that carjacking was a predicate. And I thank you, gentlemen. Well, I have. Yes, sir. Like to get a word in edgewise here. So it strikes me that crawling is a problematic precedent for you. If I remember that case correctly, there was a conjunctively worded indictment to which the defendant pled guilty. There was also an accompanying written statement of facts. Yes, sir. That was accepted. You don't have that in this case. So we're faced with the dilemma where years after the fact, the district court, like the same one that conducted the original proceeding, goes back and, in essence, looks at the record, and I don't think there's a dispute about what it could look at, and says, all right, I've looked at the record, and I've determined that I could have found carjacking as a predicate back then. Therefore, I can find it as a carjacking now. But in doing so, there's no opportunity for the defendant really to contest that in terms of an evidentiary basis. Yeah, I think the district court. We can't put on any more evidence. No, Your Honor. I think, first of all, is why crawly was even a case set for oral argument, I don't know the inner workings of the court, but it was pretty clear, because, as you pointed out, you've got the plea agreement mentioning both, the way it was charged mentioning both the crimes of violence, a much clearer case than this. I will grant that. However, I don't believe that the district court was simply scouring the record and trying to save a conviction. I believe he went back and looked at the record and found that this gentleman's guilty plea, at the time, involved both carjacking and kidnapping, and therefore it was proper to deny his 2255 motion based on the record documents. So in order for us to affirm the government, we would look at the record and say, that is a sufficient record to support a finding of carjacking. That the district court's findings of fact were not clearly erroneous and supported carjacking because the car was manufactured outside the state and moved in interstate commerce during the crime. Either or. Thank you. Thank you, Your Honor. Twelve times during this guilty plea hearing, the district court mentioned kidnapping. Twelve times. One time, the district court heard the word carjacking when it was talking about the cooperation aspect of Mr. Graham's plea agreement. Twelve times, this district court connected kidnapping and the 924 C count. On the joint appendix, page 53, when the district court at the guilty plea hearing is going over what Mr. Graham has admitted. Mr. Graham, you heard what the assistant U.S. attorney says you did in this case. You agree, you participated in the kidnapping and used the gun. Yes, sir. Did you have the gun? Yes, sir. Where are you reading from, counsel? It's joint appendix, page 53. I mean, what? This is from the guilty plea hearing. This is from the initial agreement? This is from after the government has presented the facts to form the basis of the plea. After they have abandoned the interstate commerce aspect of the vehicle. I'm talking about, is this the proceeding before us that we're reviewing? Yes, sir. You participated in the kidnapping and used the gun. Yes, sir. Did you have the gun? Yes, sir. You and others kidnapped or took Mr. Brown into custody or took him, kidnapped him, forced him into a car in an effort to take these rims from him. Is that correct? Yes, sir. And you had a firearm in your possession when that was done. I mean, so what, the fact that someone kidnaps someone doesn't make the act any less. Please let me finish. You always seem to be, you make a good argument and I appreciate it, but you always seem to be just raring to interrupt. The fact that someone is kidnapped in the course of taking the car or putting in the car doesn't make it any less of a carjacking. It makes it a more heinous carjacking. Your Honor, that may be true, but what you stand, to Judge Hyten's point, what you stand before the court and admit for purposes of waiving your constitutional rights has everything to do with whether you have notice of what you are pleading guilty to. And in this instance, the government clearly linked the 924C with the kidnapping versus a carjacking. After they abandoned the element of the interstate commerce aspect of the car's travel, they could have very well... When you're talking about notice, you have, at the sentencing hearing that's before us, you had noticed that carjacking was the predicate on the table and could have been disputed, could it not? The carjacking was not an aspect of the sentencing hearing. They found him to be a career offender based on the kidnapping. There may have been carjacking things listed in the pre-sentence report. Well, but what I'm saying is it could be a... It's the predicate that is that issue.  You're saying you couldn't dispute the predicate? No. There was no need to dispute the predicate at the original sentencing because his convictions were kidnapping and the 924C, which was based on the kidnapping. That's right. But we come back again to the point that the predicate doesn't need to be charged or... You don't need to be charged with the predicate or convicted with the predicate. What you need is that the question is whether the district court can find those elements reasonably beyond a reasonable doubt. I don't think in a 2255, determined some 17 years after Mr. Graham's original conviction, whether the district court can then say, oh, by the way, you also admitted a carjacking. On these facts in this record, I think it's abundantly clear that the 924C was as to the kidnapping. You think it was clearly erroneous? I do, Your Honor. All right. Thank you. Thank you very much.
judges: J. Harvie Wilkinson III, G. Steven Agee, Toby J. Heytens